UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID FRYE, TRUSTEE, and ) <br> INDIANA LABORERS WELFARE, ) <br> PENSION, TRAINING, AND DEFINED ) <br> CONTRIBUTION TRUST FUNDS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CONCRETE SURGEONS, INC. ) <br> ) <br> Defendant. ) | CAUSE NO.: 1:18-cv-4017 |

## COMPLAINT

Come now the Plaintiffs, by their attorney, and for a cause of action against the Defendant allege and show to the court as follows:

### Preliminary Allegations

1. Plaintiffs, the Indiana Laborers Welfare, Pension, Training, and Defined Contribution Trust Funds (hereinafter "the Funds"), are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers. The Funds have a principal place of business in Terre Haute, Indiana.

2. Plaintiff David Frye is a Trustee of the Funds, and is a resident of Indianapolis, Indiana.

3. Defendant Concrete Surgeons, Inc. ("Concrete Surgeons") is an Indiana corporation with a principal place of business in Indianapolis, Indiana.

4. At all relevant times Concrete Surgeons was a party to and has agreed to abide by the terms of a national collective bargaining agreement ("National Agreement") between itself and the Laborers' International Union of North America, AFL-CIO ("LIUNA"). A true and accurate copy of the National Agreement is attached hereto as Exhibit A.

5. The Funds are a third-party beneficiary to this labor agreement.

### Count I – ERISA Violations

6. Plaintiffs hereby incorporate by reference all allegations in rhetorical paragraphs one (1) through five (5).

7. This Court has jurisdiction based upon Section 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1132); and Section 209(a) and (b) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1059(a) and (b)); arising from the Defendant's violation and continued refusal to comply with collective bargaining agreements, Trust Plans and Trust Agreements.

8. The Funds are employee benefit plans, within the meaning of Sections 3(1)(2)(3)(21) and 502 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. § 1002(1)(2)(3)(21) and 1132).

9. David Frye, a Trustee of the aforementioned Funds, is a fiduciary within the meaning of Section 3(21) of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002) and brings this action on behalf of the participants and Trustees of the Plaintiff Funds.

10. Concrete Surgeons is an employer and is a party in interest in industry affecting commerce within the meaning of Sections 3(5)(11)(12) and (14) and 209 of the Employee Retirement Income Security Act of 1974, (29 U.S.C. §1002(5)(11)(12) and (14) and §1059).

11. The Funds are employee welfare plans, which pursuant to collective bargaining agreements between unions and employers, receive contributions on behalf of the employees of these employers.

12. Concrete Surgeons is a party to and has agreed to abide by the terms of collective bargaining agreements between itself and LIUNA. See Exhibit A.

13. The National CBA incorporates by reference the wage rates and employee benefit contributions negotiated in local collective bargaining agreements between unions and employers.

14. The Collective Bargaining Agreement between the AGC of Indiana, Inc. and LIUNA, State of Indiana District Council represents the applicable local agreement ("Local Agreement") for purposes of wages and fringe benefit contributions. Relevant portions of the Local Agreement are attached hereto as Exhibit B.

15. Concrete Surgeons has failed to make timely contributions to the Funds for and on behalf of its employees, failed to perform its obligations under the terms and conditions of the collective bargaining agreements and Trust Agreements of the Funds, and is additionally in violation of Section 515 of the Employee Retirement Income Security Act of 1974, as amended.

16. Despite demands that Concrete Surgeons perform its contractual obligations, the Defendant has failed, neglected, omitted and refused to make those payments.

## Count II – Breach of Promissory Note

17. Plaintiffs hereby incorporate by reference all allegations in rhetorical paragraphs one (1) through sixteen (16).

18. An audit of Defendant's records reflected significant delinquencies in contributions owed to the Funds on behalf of Defendant's employees for the time period of January 2013 through December 2015.

19. In order to satisfy its delinquent obligations under the audit, Concrete Surgeons entered into and signed a Promissory Note with the Funds. A true and accurate copy of the Promissory Note is attached hereto as Exhibit C.

20. The Promissory Note required Concrete Surgeons to make forty-two (42) installment payments to the Laborers Funds, totaling $56,992.23, with a final payment by July 12, 2021 in addition to its monthly obligations under the collective bargaining agreements. If two regular monthly contributions or one installment payment under the Note remained unpaid and Defendant failed to promptly remedy those regular monthly delinquencies, the remaining balance of the Note would become due.

21. The Promissory Note further provided for payment of liquidated damages and interest, minimum attorney's fees of $1,500 and the cost of collection in the event of breach. See Exhibit C.

22. Despite repeated demands that Defendant perform its contractual obligations, Defendant failed to make the required timely monthly contributions to the Funds for the months of June, July, August, September and October in 2018.

23. The Promissory Note further required that the Plaintiffs provide Defendant five days' written notice of non-receipt of two regular monthly contributions or one installment payment under the Note.

24. The Plaintiffs satisfied this requirement by notifying the Defendant of its breach through written correspondence to Defendant's attorney dated November 27, 2018. A copy of that correspondence is attached hereto as Exhibit D.

25. Defendant failed to pay the aforementioned delinquent regular monthly contributions in full and thus breached the terms of the Promissory Note.

WHEREFORE, Plaintiffs demand the following relief:

1. A judgment on behalf of Plaintiffs in the amount of Defendant's delinquencies to the Funds, plus liquidated damages and interest assessments, reasonable attorney's fees and collection costs of this action, all as provided in 29 U.S.C. §1132(g)(2).

2. Judgment on behalf of the Plaintiffs in the amount of Defendant's remaining balance on the Promissory Note, plus pre-judgment and post-judgment interest as well as the payment of the Plaintiffs' minimum attorney's fees and collection costs of this action.

3. For such other, further, or different relief as the Court may deem just and proper.

Respectfully Submitted,

/s/Neil E. Gath
Neil E. Gath, #11193-49
*Attorney for the Funds*

GATH LAW OFFICE
P.O. Box 44042
Indianapolis, IN 46244
Telephone: (317) 489-5715
Facsimile: (317) 602-2180
ngath@gathlaw.com